WESTERN DIST.
September, 1836.

PATTERSON
vs.
MAYFIELD'S
CURATOR.

## PATTERSON vs. MAYFIELD'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF LAFAYETTE.

A judgment of another state, rendered under a statute requiring no notice to be given to the defendant, will not be enforced in this state, whatever may be its effect in that state.

The judgment of another state, regularly obtained, when the defendant had been served with process, or had otherwise appeared, is conclusive evidence of the debt. But the defendant must have had due notice or have actually appeared, to give validity to the judgment when sued on here.

Judgments taken by default, even when the party has been cited, cannot be proceeded on by the *via executiva*.

This action is founded on a judgment rendered in the state of Tennessee, against the late Elisha B. Mayfield, in 1825.

The plaintiff alleges that the estate of said Mayfield is indebted to him in the sum of five hundred and three dollars and forty-four cents, being the amount of a judgment obtained against the deceased and others, in Giles county, in the state of Tennessee, on motion, according to the laws of that state, at the August term of their Circuit Court, in 1825. That he is the owner of said judgment by transfer from one Irby, who was the plaintiff therein. He prays for judgment against J. B. Mudd, the curator of the estate of Elisha B. Mayfield, for the amount of said claim.

The curator denied that the estate of Mayfield was indebted to the parties in said judgment, or that any judgment was legally rendered against him in Tennessee. He further avers, that Elisha B. Mayfield resided in the state of Louisiana from the year 1822 until his death, in 1833, and could not be sued in the state of Tennessee ; that he had no notice, and could have none, and never did appear or plead to said suit ; that said judgment is in no way binding

on him, but is illegal and of no effect. He prays that the plaintiff's demand be rejected, with costs.

Upon these pleadings and issues the parties went to trial. The plaintiff offered in evidence an authenticated copy of a statute of the state of Tennessee, empowering sureties who have paid any debt, &c., to obtain judgment by motion against the principal debtor in their favor, without requiring any notice or process of citation on the party condemned, &c.

He next offered the record of a judgment which one G. Irby obtained against Elisha B. Mayfield and others, as their surety, on motion at the August term, 1825, of the Circuit Court of Giles county, in the state of Tennessee, for the amount of the sum claimed; also a transfer of the same to the plaintiff. The defendant's counsel objected to the introduction of this evidence, which objection was overruled; the record was received, and a bill of exceptions taken.

It was admitted Mayfield lived in Louisiana when this judgment was obtained against him in Tennessee.

The judge of probates was, however, of opinion the evidence was insufficient to authorize a recovery, and gave judgment for the defendant. The plaintiff appealed.

*Mouton*, for the plaintiff.

1. The judgment offered in evidence in this case was correctly rendered in Tennessee, according to the statute of that state, providing for a summary remedy against debtors, in favor of sureties who have been compelled to pay.

2. The record of this suit and the statute are both properly authenticated and are admissible in evidence. *Ingersoll's Digest of the Laws of the United States, page 76, section 1.*

3. Notice to the defendant, in proceedings had under this statute of Tennessee, is not required, and the judgment is in accordance with it.

*Crow*, for the defendant.

The Court of Probates erred in receiving as evidence the record and judgment from Tennessee.

WESTERN DIST.    1. Because it was rendered against Elisha B. Mayfield,
September, 1836. who resided in Louisiana, to whom no notice was ever given
PATTERSON    of any suit existing against him in Tennessee. 5 *Johnson*, 37.
*vs.*
MAYFIELD'S        2. Because the judgment, if such was ever rendered, is
CURATOR.     not signed by any judge and is null. 5 *Martin, N. S.*, 105.

3. The law of Tennessee, cited by the plaintiff, does not
exempt the party claiming a judgment on motion, from the
necessity of giving the defendant notice of such motion.

· 4. The obligation sought to be put in force here must be
governed by the laws of Louisiana. 4 *Martin, N. S.*, 419.
7 *Martin, N. S.*, 108.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from the decision of the Court of
Probates rejecting his claim, founded on a judgment obtained
in the state of Tennessee against the late Elisha B. Mayfield,
deceased, whose estate is administered by the defendant, as
curator.

A judgment       The pleas were *nil debit*, and that the deceased was, long
of another state,
rendered under before and at the time of the judgment, a resident of the
a statute requi- state of Louisiana. That he had no notice of the suit and
ring no notice to
be given to the did not appear therein.
defendant, will
not be enforced    The record and judgment of the case in the state of
in this state,
whatever may be Tennessee does not show that the then defendant had any
its effect in that notice of the suit, by service of process or otherwise, or that
state.
The judgment he appeared : neither does this appear *aliunde*.
of another state,
regularly obtain-    It is true the statute of that state, on which the suit was
ed, when the de- instituted, authorized judgment to be rendered on motion,
fendant had been
served with pro- without notice being required to be given to the party. It
cess, or had is not for us to inquire whether, in that state, the want of
otherwise ap-
peared, is con- notice might be urged on an appeal or writ of error, or
clusive evidence
of the debt; but otherwise. It suffices for us to say that the "judgment of
the defendant another state, regularly obtained, when the defendant had
must have had
due notice, or been served with process or had otherwise appeared, is con-
have actually ap-
peared, to give clusive evidence of the debt. But the defendant must have
validity to the had due notice to appear, or must have actually appeared to
judgment when
sued on here. the suit," or the judgment of another state is of no validity

in this. 1 *Kent's Commentaries, 2d edition,* 260, 261, *and the note to the latter page.*

In cases in which the party has actually been served with process, but has neglected to plead, and judgment was taken against him by default, the *Code of Practice* disallows a resort to the *via executiva. Code of Practice, article* 717.

The Court of Probates decided correctly in rejecting the plaintiff's claim and in giving judgment for the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

WESTERN DIST.
September, 1836.

