Gaelahd, J.
delivered the opinion of the court.
This action is brought against Lewis the surviving executor of the late Henry De Ende, and the representatives of J. McKinney and Philip Power, botli deceased, who were also executors in their lifetime, praying that a judgment which was rendered in favor of the plaintiff against the administrator of De Ende in the superior court of law and chancery for the county of Henrico in Virginia, for $3761 86, with interest at six per cent, per annum, from the 31st of March in the year 1831, until paid, he declared executory against them, and they ordered to pay the amount as a privileged debt, there being a considerable sum of money in his hands or in those of the representatives of the deceased executors, and property belonging to the succession yet unsold. Only Lewis and the widow of Power were cited. They filed a general denial, and further, “ that they have paid over to the heirs of their testator all or nearly all the funds that have come to their hands as executors, and that long before the institution of this suit.” They pray to be dismissed and for general relief. There is no allegation or exception in this answer to the jurisdiction of the court, or that the executors have rendered an account, delivered the succession over to the heirs and been discharged by authority of the court of probates. It simply says that they have paid the heirs all or nearly all the funds, which would seem to imply that no settlement had taken place.
On the trial the plaintiff offered in evidence a copy of the judgment rendered in Virginia, without any portion of the previous proceedings in the case, to the introduction of which the counsel for the defendants objected, on the ground that neither the executors or heirs of De Ende were parties there *383 to. That the acts of the administrator in Yii'ginia could not bind the executors or the héirs here. That the court was without jurisdiction ; the [35[ heirs having been put in possession as appears by'a judgment to that effect. The evidence was rejected, the plaintiff nonsuited, and he took an appeal.
The court below rejected the document on the grounds that the defendants were functi officio as regards creditors; that the court had no jurisdiction to try the case, as the heirs had been recognized and put in possession of the succession, as appeared by a final decree of the court of probates. It is a complete answer to these objections to state, that they all assume facts which are not in the record, or alleged in the answer. The judge has probably stated the facts correctly and acted on his own knowledge, but we have repeatedly said that the recital of the evidence given in a case, in the opinion of the judge who tries it, is not sufficient for us to act on; we must have the evidence itself; particularly in a case where there are no such grounds of defence alleged in the answer as are assumed. It was rather too late to interpose a plea to the jurisdiction of the court by way of objection to evidence, after an answer to the merits, and at last not offer any evidence to sustain the plea of the want of jurisdiction. The grounds taken by the judge of probates for rejecting the evidence are, properly speaking, pleas or exceptions which the defendants might have made to the action.
The objections that neither the executors in this State, nor the heirs of De Ende were parties to the suit in Yirginia, and that the acts of the administrator there, do not bind the executors or heirs here, are, in our opinion, objections that go more to the effect of the document offered than to its admissibility. "Whether it is conclusive on the executors and heirs, is a legal consequence resulting from the act itself, and involves the whole question. We therefore think the copy of the judgment ought to have been admitted as evidence. The document has come up with the record, and we can decide whether it will of itself support the claim of the plaintiff. We think it does not. It is only a portion of a record, the whole of which ought to be produced so that we may judge whether the judgment is conclusive or not. [36] If De Ende had never been cited or appeared and filed an answer previous to his death, nor have been properly represented after, we have no hesitation in saying the judgment would not bind his heirs or executors here. We cannot, in the proceedings of a foreign tribunal, take for granted that every thing in them is correct, and blindly bind our citizens by its judgment, without knowing whether it had jurisdiction; or is right or wrong. In the case of Patterson v. Mayfield's Curator, 10 La. Rep. 220, and that of Warren v. Hall's Executor, &c., Id. 377, the questions under consideration were argued at much length and the decisions have a strong bearing on this case.
By a process of reasoning widely different from that of the probate judge we arrive at the conclusion, that the nonsuit was properly entered, and affirm the judgment with costs.