## BRIGGS, LACOSTE & Co. vs. CAMPBELL.

APPEAL FROM THE COURT OF THE NINTH DISTRICT FOR THE PARISH OF
CONCORDIA, THE JUDGE THEREOF PRESIDING.

The certificate of the clerk of a court cannot be taken as proof of *the purport*
of papers of record in his office, much less of such as are missing.

Remedial statutes have no extra-territorial operation.

The interpretation of contracts depends upon the foreign law; but the reme-
dies by which the obligation resulting from contracts are sought to be en-
forced, must be according to the forms of the place where the remedy is
sought.

This is an action on a judgment obtained in Mississippi against the defendant and others for $1828 93, with 8 per cent. interest from the 17th May, 1838. This suit is by attachment against certain slaves, sent by Lewis Campbell to the parish of Concordia. The plaintiffs pray, that their judgment be made executory, and that the slaves attached be seized and sold, to satisfy their demand.

WESTERN DIS.
October, 1841.

BRIGGS,
LACOSTE & CO.
vs.
CAMPBELL.

The defendant pleaded the general issue and denied, that he was in any way liable for said judgment according to the laws of Mississippi. He set up certain matters as a special defence under said laws, and prayed the dismissal of the plaintiffs' suit.

There was a judgment dissolving the attachment; the district judge being of opinion, that the plaintiffs failed to make out their case. From this judgment they appealed.

*Stacy*, for the plaintiffs and appellants.

*A. N. Ogden & McWhorter*, for the defendant.

*Bullard, J.* delivered the opinion of the court.

This action, which was commenced by attachment, the defendant being a resident of the State of Mississippi, is founded upon a judgment recovered in that State against the defendant and others *in solido*.

The defendant pleads, that the pretended judgment was recovered under a statute of the State of Mississippi, passed in 1837, of which a certified copy is produced. That it appears, that said judgment was founded upon a promissory note drawn by Archibald Clark, and endorsed by this defendant and others. He alleges, that he endorsed the note as surety and for the accommodation of Clark, and that according to the laws of that State, and particularly the statute thus set forth, the plaintiff is not entitled to enforce said judgment against him, unless upon the affidavit of some credible person, made and filed among the papers in the cause, in the court in which the judgment was

WESTERN DIS.
October, 1841.

BRIGGS,
LACOSTE & CO.
vs.
CAMPBELL.

rendered, setting forth, that the principal in said note had no property in the State of Mississippi, out of which the money could be made ; and he avers, that no such affidavit has ever been made. He further avers, that the plaintiff took out execution, and placed it in the hands of the sheriff, who levied on, some property of Clark, sufficient to satisfy the judgment, by which levy the defendant avers, he is discharged from said judgment. He therefore prays to be dismissed, &c.

There was judgment for the defendant, and the plaintiffs have appealed. The plaintiff gave in evidence a record showing, that he had recovered the judgment sued on.

It appears by a bill of exceptions taken by the plaintiffs, that the court admitted in evidence a document marked F., purporting to be an exemplification of a record in the high Court of Errors and Appeals for the State of Mississippi, notwithstanding the objection, that it appeared upon its face to be defective and incomplete, and to contain a transcript of only a part of the proceedings had in the suit, in Madison county, State of Mississippi, and the certificate of the clerk as to the substance of other proceedings, without proof of a loss of any part of the record. We think the court erred. A mutilated record is clearly inadmissible, and we cannot take the certificate of the clerk as proof of the purport of papers of record in his office, much less of such as may be missing. 1 Martin, N. S., 522 ; 18 La. Rep., 33.

The certificate of the clerk of a court cannot be taken as proof of the purport of papers of record in his office, much less of such as are missing.

It only remains to enquire, whether the plea of the defendant, that the plaintiffs cannot maintain this action on the ground that according to the laws of Mississippi, where the note was made and the original judgment rendered, the plaintiff was not authorized to enforce the judgment, recovered in that State, against him, unless upon affidavit, that the money could not be made out of the property of the principal obligor, was properly sustained.

The act of the legislature of the State of Mississippi entitled " an act to amend the laws respecting suits to be brought against endorsers of promissory notes," upon which the de-

WESTERN DIS.
October, 1841.

BRIGGS,
LACOSTE & CO.
vs.
CAMPBELL.

fendant relies, is before us. The first and second sections direct the manner and plan in which actions against drawers and endorsers of bills of exchange and promissory notes shall be brought. The third section declares, that no plea but that of non-assumpsit shall be required upon the merits, and that all matters of defence may be given in evidence under said plea. The statute further provides, that duplicate writs shall issue to the several counties, where the various defendants may reside, and the names of the drawers and endorsers, particularly specifying the first, second and third endorsers, shall be endorsed upon the writs. The statute further makes it the duty of the sheriff, to make the money out of the drawer or drawers, acceptor or acceptors, and in no case shall a levy be made on the property of any security or endorser, unless on affidavit filed among the papers, setting forth, that the principals have no property in the State, out of which the plaintiff can make his money and costs.

These are all the provisions of the act, which it is necessary to recite, as having any relation to the present case. It is incontestable, that the extent of liability incurred by the defendant in endorsing the note upon which judgment has been rendered in Mississippi, and the construction of the contract entered into by him, are to be ascertained and determined by the *lsx loci contractus*. But the statute relates altogether to the remedy which the creditor may pursue in the courts of that State; and with respect to remedial statutes, it is equally well settled, that they have no extra territorial operation. That the interpretation of contracts depends upon the foreign law, but the remedies by which the obligation resulting from contracts, are sought to be enforced, must be according to the forms and regulations of the place, where the remedy is sought, the *lex fori*. 11 Martin Rep., 730; 12 ditto, 475; 1 N. S., 202; Story's Conflict of Laws; 5 N. S., 585; 6 La. Rep., 676.

The court therefore erred, in our opinion, in sustaining the plea and giving judgment for the defendant.

It is therefore adjudged and decreed that the judgment of

Remedial statutes have no extra territorial operation. The interpretation of contracts depends upon the foreign law; but the remedies by which the obligation resulting from contracts are sought to be enforced, must be according to the forms of the place, where the remedy is sought.

the District Court be reversed; and proceeding to render such judgment as ought, in our opinion, to have been given below, it is considered by the court, that the plaintiffs recover of the defendant $1828 93, with interest at eight per cent. from the 17th of May, 1838, and costs of both courts.