Bullard, J.
This case was before us in April, 1841, and the leading facts are stated in the report. See 18 La. 33. A judgment of nonsuit rendered by the Court of Probates was then affirmed, on the ground that only a part of the, record in the case of Tait v. Wilkinson and De Ende, in the Superior Court of Law and Chancery of Virginia, was offered in evidence in support of the plaintiff’s action, instead of a complete exemplification of the record. The action was renewed in the Court of Probates, a judgment by default taken against the executor of Le Ende, for want of an answer, and in confirmation of the judgment by default, a complete record of the case from the Virginia court was read ; but the court being of opinion, that the judgment thus pronounced by the court in Virginia, against an administrator appointed there to represent the deceased De Ende, who died pendente lite, and after having filed an answer, has not the force of the thing adjudged against his executor in Louisiana, nonsuited the plaintiff, and he has again appealed. The case, therefore, presents the question, whether a judgment pronounced in a sister State by a court of competent jurisdiction, under such circumstances, is to be regarded here as conclusive, or even prima facie evidence of a debt due by the defendant’s testator. It is proper to remark here, that Tait had sued Wilkinson and De Ende, for a final settlement of a partnership which had existed between the three. The case was at issue in the lifetime of De Ende, who having died before final judgment was pronounced, an administrator was appointed according to the practice in that State, and upon a scire facias against him, the suit was ordered to be revived, and “ to be in all things in the same plight and condition it was at the time of the decease of the said H. De Ende.” The final decree pronounced by the Court of Chancery, so far as it concerns the estate of De Ende, was, “ that the defendant, Charles Wamack, Sheriff of the county of Cumberland, and as such administrator of Henry De Ende, deceased, do, out of the estate of his intestate in his hands to be administered, if so much he hath, pay to the plaintiff the sum of $3761 85, the balance reported by the commissioners to be due to him, with interest thereon to be computed at the rate of six per centum, per annum, from the 31st day of March, 1831, and until paid.”
*208 The constitution of the United States requires us to give here to a judgment rendered in another State, the same faith and credit to- which it is entitled in the State where it was rendered.
The record does not inform us what would be the effect of this judgment in Virginia, according to the law of that State, either in relation to the heirs of De Ende, or to an executor who may-have succeeded the administrator, against whom the judgment was originally pronounced, in the administration of the estate. As a general rule, we are not disposed to contest the principle assumed by the counsel for the appellee, and which appears supported by the authority of Story on the Conflict of Laws, that a judgment rendered against an administrator of an estate in one State, is not conclusive against an administrator in another. It is' understood, that such suits merely against an administrator, bind only the property in his hands to be administered, and that he may plead plene administravit, and that such a plea, sustained by evidence, will be a bar "to the action. But it appears to us, that the action in Virginia, in which this decree was finally pronounced, was something more. It was not a suit against an administrator. but against De Ende himself, who-had appeared and filed an answer. Upon his death it was revived against his administrator, in the same plight and condition it was in at the time of his decease. The court then proceeded upon the issue already made up, to adjudicate upon the state of accounts between the original parties. It is very questionable whether.the administrator thus brought in by scire facias, could have pleaded plene administravit.. Be this as it may, the decree of the Court of Chancery purports to establish a balance due by the estate of De Ende. It confirms the report of commissioners to whom opposition had been made by the administrator. The court say: “ On the whole, the court is of opinion, that the report does not exhibit larger balances due from the estate of De Ende to Tait and Wilkinson, than are really due to them respectively.” It is true, the decree orders the administrator to pay that balance out of the funds in his hands, to be administered; thereby indicating, as we understand it, that the administrator is not made personally liable. According to the argument of the counsel, this decree by the Court of Chancery in Virginia would be without effect, not even liqui *209 dating the balance due by the estate. A judgment pronounced against an administrator is necessarily based upon the indebtedness of the intestate; and so far as such a judgment has been satisfied out of assets in the hands of the administrator, ought at least, to be prima facie evidence against an heir, who may after-wards claim the succession.
The jurisdiction of the Court of Chancery being admitted, we must presume it acted within its jurisdiction, in proceeding to final judgment against the estate represented by the administrator.
In the case of Poole v. Brooks, 10 La. 17, we held, that the judgment of a Court of Probates in Mississippi, acting within its jurisdiction, which established a balance in favor of the guardian of a minor, and ordered his successor to pay it out of the property of the minor, was prima facie evidence of a debt due by the minor to his former guardian, who brought suit against him in this State, and gave in evidence the record from the court of Mississippi. See Gleason v. Dodd, 4 Metcalf, 333.
But the counsel for the appellee places great reliance upon the 924th article of the Code of Practice, which gives to the Courts of Probates exclusive power to decide upon money claims against estates administered by curators, executors, or administrators. That principle is not questioned, and in this case, the suit is brought in the proper tribunal, and the question is not one of jurisdiction, but of evidence, to wit, whether the judgment rendered by the Court of Chancery in Virginia furnishes either conclusive, or prima facie evidence, that De Ende, at the time of his decease, was indebted to the plaintiff, as he alleges in his petition.
Article 122 of the Code of Practice, upon which the counsel for the appellant relies, establishes the principle, that judgments rendered against curators of vacant estates, are as valid and efficacious as if they had been rendered against the heirs themselves; and the next article extends the principle to executors, where none of the heirs are present or represented in the State. We are not informed by the record whether the same principle prevails substantially in Virginia, and we may presume, in the absence of proof to the contrary, that it does ; but we see nothing in the record to justify us in concluding, that by the laws of that State a decree of the Court of Chancery, establishing a balance *210 of accounts between parties regularly before it, is a mere nullity, except as relates to the administrator in that State, in whose name the suit proceeded to final judgment after the death of his intestate. We are not prepared to say, that it is conclusive against the heirs or executor here; but we have come to the conclusion, although the question is not free from difficulties, that, at least,
must be regarded as prima facie evidence against the succession. The defendant not having offered to go behind that judgment, but relying upon the issue implied by the judgment by default, the plaintiff is entitled to recover the amount of the original judgment.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be reversed; and ours is, that the judgment by default therein taken be confirmed, and that the plaintiff be recognized as a creditor of the estate of Henry De Ende for the sum of three thousand seven hundred and sixty-one dollars and eighty-five cents, with interest at six per cent from the 31st of March, 1831, to be paid in due course of administration, together with the costs in both courts.