SHERER-GILLETT CO.

VS

WM. J. BENNETT,
Appellant.

No. 8314.

8314

June 30th, 1922.

*Judge Bell dissents —*

SHERER-GILLETT CO.

VS                                              No. 8314

WM. J. BENNETT,
        Appellant.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to enforce a money penalty for failure to comply with an obligation to pay money.

The suit is based upon the following document printed in such attenuated type, as if intended for the lynx-eyed alone to read, and eleven lines to the inch, which reads in part as follows:

" April 1st, 1920

To Sherer-Gillett Company,

Chicago, Illinois.

Please ship to me at the following address, as soon as convenient, F. O. B. Shipping Point, x x x 1 No. 66 Sherer Patented Display Counter x x x which I hereby lease from you for the term of 18 months, and promise to pay therefor, as rent, the sum of 330 Dollars in installments, the first installment of $12 to be paid upon the execution of this agreement, the second installment in a like amount to be paid upon the arrival of the leased property, and the balance of said installments to be paid as evidenced by the note hereto attached, presentation of which note before bringing any suit is hereby waived. I also agree upon the expiration of said term to surrender to you said leased property in good condition, ordinary wear and tear excepted. It is an express condition of this lease, provided said leased property has been duly surrendered to you, that I shall have the privilege, for thirty days after the expiration of the same, of purchasing said counter for the price of $10, to be paid at the time such privilege is exercised, provided fur-

ther I shall have fully and duly performed my part of this lease. And it is further agreed that in case I shall fail to pay any installment of hire when due, or shall fail to perform any of my covenants herein contained, and you shall not avail yourselves of the right to retake possession of the said property before the expiration of the term aforesaid, such right on your part to retake said goods immediately upon the breach of any covenant on my part, without notice or previous demand, being hereby expressly acknowledged, then and in such case, the whole hire for the whole of said term shall become due and payable, and I hereby authorize and empower any attorney of any Court of record of Louisiana or elsewhere to appear for and enter judgment against me for the whole amount of the hire unpaid, with costs of suit and attorney's fees of ten per cent and release of all errors, and without stay of execution; and inquisition and extension upon any levy on real estate is hereby waived and condemnation agreed to; and the exemption of any property from levy and sale on any execution hereon is also hereby expressly waived, and no benefit of exemption is to be claimed under and by virtue of any exemption law now in force, or which may be hereafter passed".

"It is expressly agreed that if default be made in the payment of the rent, or any part thereof reserved herein promptly at the time herein specified or in case I shall dispose of or remove said leased property from the premises where my business is now located without your written consent or if said property shall be or about to be seized by virtue of any Court proceeding or otherwise, it shall be lawful for you or your representative at any time thereafter, at your election and without any notice, to declare this lease ended and to thereupon retake possession of said leased property either with or without process of law using such force as may be necessary in so doing, I hereby expressly waiving and releasing any

and all damages to my person and property caused thereby".

"I also empower any attorney to confess a judgment against me in a sum equal to forty per cent of the total rent covenanted to be paid with costs of suit, and attorney's fees of ten per cent as your liquidated damages, or in case I should wrongfully refuse to accept delivery of said counter; such power being in all things coextensive, with the power herein before granted".

"I hereby agree that the bringing of any suit or the taking of any judgment for the rent, or any portion thereof, herein agreed to be paid, shall in no case operate to transfer the title to said rented property to me".

x x x x x x x x x x x x x x x x x x x x x x x

"Signed"     W. J. Bennett

Accepted:     Sherer-Gillett Company

by J. B. Stelfflug

The follows the note in these words:

$306 - La. New Orleans     4-1-1920

For value received I promise to pay to the order of Sherer-Gillett Company Three Hundred Dollars payable in funds current at par in Chicago on the following dates:

June 1 - 1920     $17

July 1 - 1920     $17

(and monthly thereafter until Nov. 1st, 1921).

"Signed"     W. J. Bennett.

The petition in this case alleged: 1o that on April 1st, 1920, said defendant entered into a written contract with petitioner for the purchase of One No. 66 Sherer Patented Display Counter containing 31 drawers, for the sum and price of $340, as will more fully appear from the said contract, duplicate original of which is hereto annexed as a part hereof; IIo that in said contract the said defendant agreed to pay to petitioner as liquidated damages in the event he should wrongfully refuse to accept delivery of said counter a sum equal to forty per cent of the said purchase price, together with costs of suit and ten per cent attorney's fees; IIIo that shortly after signing said contract said defendant notified

petitioner he would not accept the said counter; that notwithstanding repeated efforts on petitioner's part to induce said defendant to accept said counter, he has refused to do so, although petitioner has always been ready and able to comply with its agreement; that defendant's action constitutes a wrongful refusal to accept said counter; IVo that by reason of defendant's said wrongful refusal to accept the said counter in accordance with his contract, petitioner is entitled to recover from him as liquidated damages a sum equal to 40% of the purchase price thereof, which was $340 or $136 together with 10% attorney's fees thereon as provided in said contract.

To this petition the defendant pleaded that it disclosed no cause of action.

The exception was overruled and defendant filed an elaborate answer.

There was judgment for plaintiff and defendant has appealed.

It is immaterial whether the contract sued on is a lease or a sale as plaintiff calls it. Under both names the plaintiff is suing for damages for non-payment by defendant of sums of money which he obligated himself to pay to the plaintiff.

Under a section of the Civil Code entitled:

"Of the damages resulting from the inexecution of obligations",

Article 1930 (1924) provides:

"The obligations of contracts extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default".

Article 1934 (1928):

"Where the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications".

C. C. 1935 (1929):

"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more".

C. C. 2924 (2895):

"Interest is either legal or conventional. x x x The amount of the conventional interest cannot exceed eight per cent &c &c".

R. S. 1884:

"Article 2895 of the Civil Code shall be so amended that the amount of conventional interest shall in no case exceed eight per cent under pain of forfeiture of the entire interest so contracted".

The argument of the plaintiff is that the amount claimed by it represents the fixed stipulated liquidated damages agreed upon for a violation of their contract. The answer is found in Griffin vs His Creditors  6 R. 220 in the following words:

"If, then, any penalty or damages were agreed on, it must necessarily have been entirely for the purchaser's default or delay to pay the money. There is, in our law, a marked difference between the damages which may be stipulated for the breach of an obligation to pay money, and an obligation to give a thing or perform an act. Where the object of a contract is anything but the payment of money, the parties may determine the sum that shall be paid as damages for its breach, and Courts of Justice will not interfere with such agreements; but, on the contrary, will lend their aid to carry them into effect. C. C. 1928 (1901) (1895); 1934 (1928) § 5. But it is otherwise when the contract is to pay a sum of money. The law has provided, that no damages exceeding ten per cent on the amount that was to be paid, can be stipulated. Article 1929 (1935) of the Civil Code delcares, that "the damages due for delay in the performance of an obligation to pay money are called

654

interest. The creditor is entitled to these damages without out proving any loss; and whatever loss he may have suffered, he can recover no more". Article 2895 (2924) of the same Code, provides, that "interest is legal or conventional; if conventional, it cannot exceed ten per cent".

"Any contract, or agreement, therefore, into whatever shape it may be thrown, which stipulates for more than ten per cent damages, or interest, for the daley to pay money, is illegal. 6 Toullier p 271

264. If, in the present instance, the penalty was enforced, the purchaser would be made to pay, for the three years elapsed, thirty per cent over and above the interest of ten per cent, which has been running from the date of the protest. This penalty, or these damages, (the name is unimportant) would clearly be awarded for the inexecution of an obligation to pay money. As the law forbids that such damages shall exceed ten per cent per annum, on the amount of money which the debtor has bound himself to pay, the inferior Judge acted correctly, in our opinion, in refusing to carry such a stipulation into effect, and in allowing only legal interest, pursuant to Article 1933 of the Civil Code now 2533 (2531). See also 24 Demol p 607 &643.

"By no device or shift the wit of man can invent, can more interest be taken, or profit made, than that which the law permits, on a loan of money". 9 R. 125; 3 La. 394, 4 R. 498; 6 R. 216; 12 R. 178; 1 A. 62; 5 A. 615; 11 A. 511; 538, 639; 12 A. 20;:1 Sedgwick on Damages p 490 &233.

"We may remark in the first place, that it is well settled that no damages for the mere non-payment of money can ever be so liquidated between the parties as to evade the provisions of law which fix the rate of interest". 2 id p 216 &400.

"Usury consists in paying a greater rate of interest than the law allows". 1 M. 7

The stipulation of usurious interest forfeits the whole interest. 6 La. 708; 2 Rob. 178; 4 Rob. 493; 1 A. 265; 2 A. 363; 5 A. 505; 13 A. 365;13 A. 383, 537; 16 A. 240; 34 A. 897; 37 A.766, 767.

If the value of the services of a slave given for the use of money exceeds the legal rate of interest it is usury. 4 N. S. 167; 2 La. 114; 4 La. 319; 14 La. 214; 235; 13 A. 364; 5 M. 202; 11 A. 511.

Interest, whether stipulated as interest or damages, cannot exceed ten per cent. 7 La. 192.

"There is no distinction as to whether interest be usurious or not, between the interest stipulated upon the price for which property is sold, and the interest which may be stipulated for the loan of money". 5 A. 615.
Winn subscribed the following note:
"On the 1st of March 1861 I promise to pay to John S. Tarver or order the sum of $2669.48 for his services as overseer on my Winn Forest Plantation. In case I should fail to comply with the above, on the 1st of March, I hereby bind myself to pay to said Jno. S. Tarver or order, on the 1st of March 1861 the sum of $2936.42 for his services rendered on my Winn Forest Plantation."
The District Judge rendered judgment for $2669.48. The plaintiff appealed. The Supreme Court said:
"It is apparent that in the note sued on, greater damages or interest are stipulated for delay of its payment than interest at a rate of eight per centum per annum; and the law has declared that such a stipulation causes the forfeiture of the entire interest contrasted for, unless it be capitalized and placed in the amount for which the note was given". 18 A. 557.

When it appears from the petition itself, or from the evidence, that usurious interest has been charged, the Court must notice it without plea, as the law refuses an action to enforce such a contract. 7 La. 208.

We therefore conclude that so much of the contract sued on which empowers any attorney to confess judgment against the defendant

"in a sum equal to forty per cent of the total rent covenanted to be paid"

is usurious and illegal and cannot be enforced.

It is therefore ordered that the judgment herein be reversed and set aside. and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at his cost in both Courts.

Judgment reversed - judgment for defendant.
June 30th, 1922.

Being of the opinion that Art. 1934 § 5
R. C. C. is the whole law applicable
to this case, and that the judgment
of the lower court should be affirmed
I respectfully dissent -

A. J. Bell
Judge