·TOWN OF BRIDGEPORT *vs.* TOWN OF TRUMBULL.

No foreigner before naturalization can gain a settlement in this state by commorancy.

The naturalization of a foreigner combined with prior residence will not confer a settlement.

Whether a foreigner can gain a settlement by commorancy after naturalization: *Quære.*

A statutory provision making a person chargeable to a given town, makes a minor child, if residing in his family and a pauper, chargeable to the same town, unless a contrary intention clearly appears.

The 34th section of the statute, (Gen. Statutes, tit. 50,) applies to a person born in an adjoining state.

A child born of foreign parents in the city of New York, resided while a minor with her parents more than six years in the town of *T* in this state without being chargeable. They afterwards removed to the town of *B*, where the father died and the child became a pauper. Held that the town of *T* was liable for her support by force of the statute, but that the pauper thereby acquired no settlement in that town.

AMICABLE SUBMISSION to the Superior Court upon an agreed statement of facts, reserved for the advice of this court.` The case is fully stat-  . the opinion.

*Seeley* and *Sumner*, for the plaintiffs.

*Wooster*, for the defendants.

CARPENTER, J.  This is an amicable suit upon an agreed statement of facts, and relates to the support of a pauper. The pauper is an idiot and a minor.  She was born in the city of New York in 1854.  Both parents were foreigners. They subsequently removed into this state with the child, and resided, without being chargeable to the state, for the full period of six years in the town of Trumbull, and did not reside six years in any other town in this state.  While residing in Trumbull, and less than two years before removing therefrom, the father was naturalized.  He subsequently removed to Bridgeport, where he died.  His widow afterwards abandoned the child and left her in a destitute condition.  Bridgeport supplied her wants, and seeks to recover for the same in this action.  The case is reserved by the Superior Court for our advice.

1.  We cannot sanction the claim of the plaintiffs, that the father, by residing six years in Trumbull, in connection with his naturalization, became a settled inhabitant of that town.  No foreigner can gain a settlement in any town in this state by commorancy.  Gen. Statutes, tit. 50, sec. 1. *Somers* v. *Barkhamstead*, 1 Root, 398.  Mere residence therefore, for any length of time by a foreigner, will not confer a settlement.  His naturalization made him a citizen of the United States, and, if otherwise qualified, entitled him to the privileges of an elector; but we have no statute giving it the effect of making him a settled inhabitant of the town in which he happened to reside at the time.  We are not authorized, either by statute or precedent, to combine naturalization and prior residence, and give them the effect of conferring a settlement.  Whether six years residence after naturalization

would have that effect is another question. The statute does not in terms embrace such a case. But we have no occasion to consider that question, as his residence in Trumbull after he became a citizen was less than two years.

2. The plaintiffs claim, in the second place, that the defendants are liable under the 34th section of the statute, Gen. Statutes, tit. 50, page 624. That section reads as follows: " If any town shall incur any expense in relieving and supporting a person not an inhabitant of this state, who has resided in any town in this state six successive years subsequently to his removal into this state, without being chargeable to the state, such expense shall not be reimbursed from the treasury of the state, but shall be defrayed by the town in which he shall have last so resided six years."

If John Metzgar, the father, had lived, and become chargeable, the case would have been literally within the provisions of this section, and the liability of Trumbull would have been unquestionable. The minor child, being a member of his family, must derive her support from the same source, unless we are prepared to interpret the statute so as to require one town to support the father, and another town, or the state, to support the child. This we declined to do in *Morris* v. *Plymouth*, 34 Conn., 270, in respect to a statute similar to this. We do not think that the legislature could have so intended. On the contrary it is to be presumed that it was intended that the wife and minor child should be chargeable with the husband and father, unless a contrary intention clearly appears. Such therefore was the liability of Trumbull, in case this family had needed support during the life-time of the father. Can the death of the father relieve it of that liability? We think not. The liability of the town, being once established, remains until changed in some of the modes pointed out by statute or recognized by the common law. We hardly need to say that the death of the father is not one of them.

If we look at the case independently of the relation of the child to the father, we shall perceive that the pauper herself is within the terms of the statute. She is a " person not an inhabitant of this state." Bridgeport incurred expense in

supporting her, and she had resided subsequently to her removal into this state six successive years, without being chargeable to the state, in the town of Trumbull.

But it is said that this person, having been born in an adjoining state, could not, under any circumstances, become chargeable to the state; and that the 34th section has reference only to persons liable to become state paupers, and therefore has no application to this case.

This argument is ingenious, but we are not inclined to adopt it as sound. The 31st section points out three classes of persons who cannot become state paupers. 1. All persons born in this state. 2. All persons born in an adjoining state. 3. All persons who shall heretofore at any time have been inhabitants of this state. The first and third classes are chargeable to the town where born, or where previously settled; and persons of the second class are removable to the state where born. The 34th section adds another class, to wit, those residing six successive years in any town in this state without being chargeable, and expressly makes such town liable for their support. This section is not limited to such persons as are liable to become state paupers. The persons intended are pointed out and plainly described:—"A person not an inhabitant of this state." All persons then not inhabitants of this state are included in this description. Had the legislature intended to include only a portion of such persons, some other qualifying word or phrase, expressive of such an intent, would have been found in the language used. In a subsequent part of the section the phrase, "without being chargeable to the state," is used as qualifying the residence, but in no sense is it descriptive of the word "person" found in the first part of the section. This phrase is applicable to a large portion of the persons referred to, but does not raise a necessary implication that persons not liable to become state paupers are excluded from the operation of this section. The 35th section has reference to the same class of persons. They are there described in similar language: "A person not an inhabitant of any town in this state." We see no good reason for the distinction contended for. It is not found in

the statute, either expressly or by necessary implication. The language used should be interpreted according to its plain and obvious meaning.

We agree with the defendants' counsel that it was not the design of this statute to confer a settlement upon a foreigner by commorancy; and we do not wish to be understood as giving it any such effect. The statute imposes a liability upon towns without conferring a settlement. 1 Swift's Digest, 418.

The argument drawn from the difference in phraseology between the statute as it now is, and as it was prior to 1849, is not satisfactory. Upon a careful examination of the old statute, we are not entirely clear that it should not have the same interpetation as the new. If so, the difference in language was simply intended to make clear what was before doubtful. But be this as it may, the language of the statute as it now is has been adopted at two successive revisions. If it differs in meaning from that formerly used we must take it as it is, and not as it was, and interpret it accordingly.

We advise judgment for the plaintiffs.

In this opinion the other judges concurred.