## THE TOWN OF VERNON *vs.* THE TOWN OF ELLINGTON.

D, an alien, came to the defendant town to reside and was there naturalized and made a voter in 1859, and for six years thereafter supported himself and family there and paid his taxes. Whether he acquired a legal settlement there: *Quære.*

By his naturalization he became a citizen of the United States and of this state and by his subsequent residence in the defendant town became an inhabitant of that town.

From the defendant town he removed, as an inhabitant of that town, to the plaintiff town in 1866, where he resided until his death in 1876,

Town of Vernon *v.* Town of Ellington.

supporting himself and family and paying his taxes. Held that he acquired a settlement in the plaintiff town.

[Argued October 6th—decided October 23d, 1885.]

ACTION to recover for supplies furnished to a pauper, claimed to belong to the defendant town ; brought to the Superior Court in Tolland County, and, on a finding of the facts, reserved for the advice of this court. The case is fully stated in the opinion.

*M.' R. West,* for the plaintiff.

*D. Marcy,* for the defendant.

PARDEE, J. John Dunn, an alien, came to Ellington, where he was naturalized and made an elector in 1859; and there he continued to reside until 1866 when he removed to Vernon. In this last town he was made a voter, and continued to reside until his death in 1876. In both places he supported himself and family and paid the taxes assessed against him.

Lizzie Dunn, the pauper in question, is his daughter, and was born in Ellington ; she was ten years of age when her father died. She has never acquired a settlement in her own right. She came to want in Vernon in 1884. That town furnished support to her, but claims that her settlement is in Ellington, and sues for repayment of the money expended.

For the purposes of this case we may say that formerly the statute divided persons into three classes for pauper purposes.

First. Aliens, or those not inhabitants of this or any other state or territory or district of the United States, who may come to reside in any town in this state. These could gain a settlement only by a vote of the inhabitants or consent of the civil authority and selectmen.

Second. Inhabitants of some state, territory or district of the United States, other than this state, who may come to

reside in any town in this state. These could gain a settlement only by admission, as provided for the previous class, after a year's residence in the town, or by the ownership in fee of real estate of the value of $334, free from incumbrance, for the period of one year, the title if by deed being a matter of record during that time.

Third. Inhabitants of some other town in this state. These could gain a settlement in one of three ways: by admission, as provided for the first class; by owning and possessing real estate for one year of the value of one hundred dollars, free of incumbrance; or by six years residence, without becoming chargeable or neglecting to pay taxes.

John Dunn, the father, came to Ellington as a member of the first class. Neither the inhabitants by vote, nor the civil authority and selectmen by consent, conferred a settlement upon him. But we are asked to say that naturalization, followed by six years of continuous self-supporting and tax-paying residence there, is the legal equivalent of either of the statutory requisites for that class, and of its own force gave him a settlement there; that he went into Vernon as a person having a settlement in Ellington, a member of the third class, and consequently by his six years of continuous self-supporting and tax-paying residence in Vernon, there acquired a new settlement. In *Bridgeport* v. *Trumbull*, 37 Conn., 486, and in *New Hartford* v. *Canaan*, 52 Conn., 158, this court approached the question whether to the two statutory methods of acquiring a settlement it would add a third, a judicial one, and in both cases refrained from an affirmative answer; and we refrain now, a decision not being necessary to the determination of this case. But by his naturalization John Dunn became a citizen of the United States and of this state, and by his subsequent residence in Ellington he became an inhabitant of that town, and as such went thence to Vernon as a member of the third class, and there had a continuous, self-supporting and tax-paying residence during six years, thus complying with the statutory requirements for a settlement; and this he im-

parted to his daughter, the pauper; and with her it remains.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.