Town of Guilford *v.* Town of New Haven.

THE TOWN OF GUILFORD *vs.* THE TOWN OF NEW HAVEN.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A foreigner could acquire no settlement in this state by commorancy before the act of 1875. (Session Laws 1875, ch. 93, sec. 1.) That act provided that "every person who is not a citizen, who shall reside five years continuously in any town in this state and maintain himself and family, shall gain a settlement therein." Whether this act was not wholly prospective: *Quære.*

This act was repealed by the act of 1878, (Session Laws, 1878, ch. 94,) which provided that every person who shall have resided in any town four years from August 20th, 1875, may gain a settlement therein. This

act was repealed by the act of 1879, so far as it related to foreigners (Session Laws, 1879, ch. 20, sec. 1), and since then there has been no statute in force by which a foreigner can gain a settlement by commorancy.

But a foreigner who has been naturalized becomes a citizen, and can acquire a settlement under the act of 1878 as an inhabitant.

The act of 1878, as it appears in Gen. Statutes, § 3288, is somewhat changed in its phraseology, but the meaning would seem to be the same. But if the revision changed the law it could not affect a settlement already acquired under the act of 1878.

[Argued June 19th—decided July 20th, 1888.]

AMICABLE SUBMISSION, upon an agreed statement of facts, with regard to the settlement of a pauper, to the Court of Common Pleas of New Haven County, reserved for the advice of this court. The case is fully stated in the opinion.

*H. C. Newton*, with whom was *C. Kleiner*, for the plaintiff.

*C. R. Ingersoll*, for the defendant.

CARPENTER, J. Michael Dugan, the pauper in question, was a foreigner, and came to reside in New Haven in the year 1868, and resided there continuously, supporting himself (he had no family), until May, 1887, when, in consequence of a "strike" by himself and others, he went to work temporarily in the town of Guilford, intending to return as soon as the strike should be adjusted. On the fourth day of his labor there he was stricken with paralysis, and since that time has been a pauper. On November 7th, 1877, he was naturalized, after which he voted in New Haven until his sickness. An amicable suit embracing these facts, and raising the question whether New Haven or Guilford is liable for his support, is reserved for the advice of this court.

As a foreigner he could acquire no settlement by commorancy in any town in this state prior to the act of 1875. Acts of 1875, ch. 93. The first section of that act provides that every citizen of the United States may acquire a settle-

ment by four years residence, and every person who is not such citizen may acquire a settlement by five years residence. In 1878 an act was passed, the first section of which is as follows:—" Every person who shall have resided, subject to the provisions of this act, four years continuously from and after any day after the twentieth day of August, A. D. 1875, in any town in this state, and shall have maintained himself and family during the whole of said period without becoming chargeable to such town, shall thereby gain a settlement therein."

There may be some question whether the act of 1875 operated to give Dugan a settlement in New Haven by reason of his residence there prior to the passage of that act. The language is, every citizen "who shall reside." That denotes future time, and it is not clear that the legislature intended that it should operate retrospectively. It was intended that the act of 1878 should have a retrospective effect. The language is, " shall have resided " four years after a past day named. If the act of 1875 did include past time, then, inasmuch as he had already resided in New Haven more than five years, its immediate effect was to give him a settlement. If it operated prospectively only, then, as a foreigner, he gained no settlement under that act. But that question we do not decide.

He certainly did not gain a settlement under the act of 1878, for by its express provisions he must have resided there four years after August 20th, 1875; and before that time had elapsed that portion of the statute was repealed by the act of 1879, so far as it applied to foreigners. Acts of 1879, ch. 20. Since then there has been no statute in force by which a foreigner can gain a settlement by commorancy. Did he gain a settlement as a citizen?

His citizenship dates from November 7th, 1877, when he was naturalized. From that time until May, 1887, he resided in New Haven as an inhabitant. *Vernon* v. *Ellington,* 53 Conn., 330. During that time the statute applicable to him was the act of 1875, as modified by the acts of 1878 and 1879. It in effect reads as follows:—" Every person, except

a foreigner, who shall have resided, subject to the provisions of this act, four years continuously from and after any day after the twentieth day of August, A. D., 1875, in any town in this state, and shall have maintained himself and family during the whole of said period without becoming chargeable to such town, shall thereby gain a settlement therein." He was literally within the terms of this statute, and resided continuously in New Haven, after he became a citizen, for more than four years, and thereby acquired a settlement in New Haven.

We are aware that the phraseology of the statute as it appears in the revision of 1888 is somewhat different. Gen. Statutes, § 3288. But we think the meaning is the same. It is not to be presumed that the revisors intended to change the meaning. Even if it be conceded that the revision changed the law, it must also be conceded that the law was, down to the time that revision took effect, as we have interpreted it. That would give Dugan a legal settlement in New Haven in the year 1883, if not before; and the revision cannot be interpreted so as to deprive him of that settlement.

We advise judgment for the plaintiff.

In this opinion the other judges concurred.