The Town of Guilford *vs.* The Town of Norwalk et al.

Third Judicial District, New Haven, June Term, 1900.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

Under the provisions of §§ 3285, 3287 of the General Statutes, no inhabitant of another State who comes to reside in a town in this State can, by any length of mere self-supporting residence, gain a settlement therein.

Children born in this State of parents who have no settlement here, are settled in the town of their birth; but in order to avoid breaking up the family during their minority, they should, during that period, be supported by the town which supports their father, such town to be reimbursed by the town of their settlement.

The case of *Guilford* v. *New Haven*, 56 Conn. 465, distinguished and criticised.

Argued June 14th—decided July 13th, 1900.

Action to restrain the town of Norwalk from removing certain paupers to the plaintiff town, brought to the Superior Court in New Haven County and reserved by that court, *Thayer, J.,* upon an agreed finding of facts, for the consideration and advice of this court.

The case is fully stated in the opinion.

*Henry G. Newton* and *Ward Church,* for the plaintiff.

*Levi Warner,* for the defendants.

TORRANCE, J. In this case the town of Guilford obtained a temporary injunction against Norwalk restraining it from removing certain paupers into Guilford. Norwalk filed a cross-bill, claiming a removal of the injunction and a judgment against Guilford for the amount expended by it on behalf of said paupers.

The principal question in the case relates to the settlement of Henry White and his wife and children, the paupers in question, and the controlling facts, as agreed upon, bearing upon this question, are these: Henry White, a citizen of North Carolina, came from that State to the town of Guilford in December, 1889. He was then unmarried. He continued to reside in Guilford and was married there in January, 1891. His wife was born in North Carolina, and came from that State to Guilford to reside about the same time that he came to reside there. They have ever since lived together as husband and wife. Mrs. White, when she came to Guilford, had a child with her aged about three years. Since the marriage that child has lived with them as one of the family. Three children were born to them during their residence in Guilford, and one of these died there during such residence. Henry was made an elector in Guilford in 1892 and voted there at the fall election in that year, and from time to time thereafter, during his residence there. He and his wife resided continuously in Guilford from December 24th, 1889, until April 1st, 1896, when he with his wife and three children removed to the town of Norwalk. During his residence in Guilford White supported himself and family and never became chargeable to said town. After his removal to Norwalk one of the three children born in Guilford died in Norwalk, and since said removal his wife has borne to him two other children. On or about November 30th, 1896, White and his family became poor, sick and unable to support themselves, and were paupers. He applied to Norwalk for necessary support, which was furnished by it, and Guilford was duly notified by Norwalk of all the facts in the case, as required by law. Neither White nor any of his family ever owned any property or paid taxes in Norwalk or Guilford.

It is agreed that if Guilford is only liable for the support of the children born in that town, that Norwalk shall recover in this action the sum of $70 only, for support of said children to May 10th, 1900, and that the town of Guilford shall recover the costs of this action. It is agreed that Guilford is not liable to Norwalk unless it is so by law upon these facts; and that Norwalk has no right to remove the paupers to Guilford, as it was about to do when the injunction was granted, unless it had the right to do so upon these facts.

One of the important questions in this case is whether Henry White, by his more than six years' continuous residence in Guilford without becoming, either for himself or his family, chargeable to that town, gained a settlement therein. The answer to this question depends upon the construction of the sections of the General Statutes relating to settlements of this kind, which are directly applicable to the facts in this case, and these are §§ 3285, 3287 and 3288.

The first of these relates to the case of a "person who is not an inhabitant of this State, or of some State or Territory of the United States"; the second to that of an "inhabitant of any State or Territory of the United States, this State excepted"; and the third to that of an "inhabitant of any town in this State."

With respect to the acquisition of a settlement in a town, these sections prescribe different rules for these different classes of persons, and the members of each class can gain a settlement only in the ways prescribed for the members of that class.

The law as embodied in these sections has, with the exception of a short time between 1875 and 1879, been in substance the law of this State for the past hundred years. Rev. of 1808, p. 390, note (1) p. 393.

In 1875 the law, in the above respects as it had theretofore existed, was radically changed; Public Acts, 1875, Chap. 93; but subsequently, by the legislation which culminated in the adoption of the Revision of 1888, the law was in substance restored to its condition prior to the passage of that Act, and

to that in which we find it as embodied in the sections above referred to.

In the case at bar Henry White clearly belongs to the second, and not to the first or third class of persons described in said sections, and he could gain a settlement in Guilford only in the ways prescribed for his class in § 3287. That section provides that "no inhabitant of any State or Territory of the United States, this State excepted, who may come to reside in any town in this State, shall gain a settlement therein, unless he shall have statedly resided in such town one year next preceding the time he claims to be an inhabitant, and shall have been admitted in the manner prescribed" in § 3285; "or unless he shall have during said year both resided in said town, and been possessed in his own right in fee of unincumbered real estate, situated in this State, of the value of three hundred and thirty-four dollars; and if the title thereto shall be by deed, such deed shall have been recorded one year."

These are the only ways by which White, coming to Guilford as an inhabitant of North Carolina, could gain a settlement in Guilford; and no length of self-supporting residence there could avail him for the purpose of gaining a settlement in that town. Such residence is available for such purpose only to one who is already an inhabitant of some town in this State, under § 3288. The fact that he was a citizen of North Carolina when he came to Guilford, did not qualify him to gain a settlement in Guilford by any length of mere self-supporting residence there.

Whether he lived in Guilford for four years after he was made an elector of this State in 1892, is not clear from the statement of facts. The language of the statement is that he "was made an elector in said Guilford, and voted in said town at the election in the fall of 1892." Unless he was made an elector prior to April 1st, 1892, then he did not reside in Guilford for four years after he was made an elector, for he removed to Norwalk April 1st, 1896. There is thus no occasion to determine whether the fact that he was made an elector of this State would avail him in gaining a settlement

in Guilford. The construction here put upon the sections in question is that put upon them in the following cases: *New Hartford* v. *Canaan*, 52 Conn. 158, 54 id. 39; *Canton* v. *Simsbury*, ibid. 86; *New Haven* v. *Bridgeport*, 68 id. 588; *Ridgefield* v. *Fairfield*, 73 id. 47.

The defendant claims that a construction favorable to its contention here, was put upon these sections by this court in the case of *Guilford* v. *New Haven*, 56 Conn. 465. In that case the pauper had lived four years continuously in New Haven after being made an elector of this State, and in this respect that case differs from the one at bar; but with respect to the decision in that case, it is perhaps enough to say here that if it must be regarded as deciding that a citizen of another State coming therefrom to a town in this State can gain a settlement therein by a self-supporting residence there of four years, it should be overruled.

It follows that neither White nor his wife gained any settlement in Guilford, and when they removed to Norwalk they had no settlement in any town in this State; and when in November, 1896, White and his family became paupers they were not State paupers. General Statutes, § 3311. It follows, also, that the children of Mr. White and Mrs. White not born in Guilford have no settlement there.

With respect to the surviving child of the three who were born in Guilford the case is different. " If neither father nor mother has a known settlement in the State, then the children are settled where born, till the father's settlement can be discovered." 2 Sw. Dig. (1st ed.) p. 821. *Prima facie* then the living child that was born in Guilford has its settlement there. *Newtown* v. *Stratford*, 3 Conn. 600, 601; *Sterling* v. *Plainfield*, 4 id. 114, 116; *Danbury* v. *New Haven*, 5 id. 584, 586. It follows from this that the child in question must for the time being be regarded as settled in Guilford. This being so we have been asked to determine whether Guilford shall be compelled to support said child for the future during its minority and while its father is living. If we determine this question in the affirmative, it would or may lead to the separation of the child from its father and mother and to that

extent the breaking up of the family; and this is a result which under the humane policy of our law is to be avoided if possible. *Morris* v. *Plymouth*, 34 Conn. 270, 273; *Bridgeport* v. *Trumbull*, 37 id. 484, 486. Under the circumstances we think the child, during its minority, and while during that period its father is living, should be chargeable and be supported where its father is chargeable and is supported.

The Superior Court is advised to make the temporary injunction perpetual, and upon the cross-complaint to render judgment in favor of the town of Norwalk for the sum of $70; and to render a judgment for costs in said action in favor of the town of Guilford. Costs in this court will be taxed in favor of the town of Guilford only.

In this opinion the other judges concurred.