VOISIN, AGENT,
ETC.
vs.
JEWELL.

The plea of payment is a peremptory exception, going to extinguish the action, and which the Code of Practice requires to be pleaded.

=====

VOISIN, AGENT, &C. *vs.* JEWELL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

In an action on a promissory note, payable at a particular place, it is alleged
in the petition that the note was duly protested for non-payment, and
the protest offered in evidence, shows that payment was demanded at the
proper place, a recovery will be had without an *allegation* that payment
was demanded *at the place* where the note was made payable.

Objections to evidence should all be made at once, so as to give the opponent
a fair opportunity to remove them or correct his mistakes.

This is an action by Voisin as agent of Didier Dreux, the
endorsee and holder of a promissory note for two thousand
five hundred and fifty dollars, executed by the defendant,
widow Jewell, and payable at the end of March, 1834, *at the
domicil of* Dubertrand & Legendre, *in New-Orleans.* The
petition alleges, that when the note became due it was duly
protested for non-payment, of which the maker was duly
notified.

The defendant admitted her signature, and averred she
had settled and paid the amount of the note in question to

EASTERN DIST.
January, 1836.

VOISIN, AGENT,
ETC.
vs.
JEWELL,

Dubertrand & Legendre, the original payees, who were to have given it up ; that it was transferred by endorsement after it became due, of which payment and settlement the plaintiff had notice ; and further, that he did not come fairly into the possession of the note.

She prays that Dubertrand . & Legendre be cited in warranty to defend, and that in case judgment is rendered against her, she may have the same judgment over against her warrantors, &c.   Interrogatories as to the transfer of the note with a knowledge that it was paid were propounded to the plaintiff.

On the trial the plaintiff produced in evidence the protest of the note, in which it appeared it had been regularly transferred by endorsement to the plaintiff, before maturity, and that payment was demanded *at the domicil* of Dubertrand & Legendre in New-Orleans, when the note became due, and where it was made payable, and it was protested for non-payment.

The answers of the plaintiff to defendant's interrogatories were also in evidence under objections raised by the defendant's counsel, which are not material in a statement of the case.

The plaintiff had judgment for the amount of the note sued on.   The defendant appealed.

*Cooley* and *Hoa,* for the plaintiff.

*A. N. Ogden,* contra.

*Mathews, J.,* delivered the opinion of the court.

This is a suit by the endorsee of a negotiable note against the maker, a resident of the parish of Pointe Coupée.   It was made payable at a particular place in New-Orleans, but was not paid at maturity.   After various delays, judgment was rendered in favor of the plaintiff by the court below, from which the defendant appealed.

We find in the answer several exceptions, pleaded by the defendant to the imperfect manner in which the plaintiff's

EASTERN DIST. *January,* 1836.

VOISIN, AGENT, ETC. *vs.* JEWELL.

In an action on a promissory note, payable at a particular place, an allegation in the petition, that the note was duly protested for non-payment, and the protest offered in evidence shows that payment was demanded at the proper place, a recovery will be had, without an *allegation* that payment was demanded *at the place* where the note was made payable.

Objections to evidence should all be made at once, so as to give the opponent a fair opportunity to remove them, or correct his mistakes.

case is set forth in the petition. These were overruled, and she was finally compelled to answer on the merits. One of the objections to the petition is, that it contains no direct allegation that payment of the note was demanded at the place where it was made payable. In this respect the petition is somewhat informal, but as it contains an allegation that the note was duly protested for non-payment, and the protest offered in evidence shows that payment was demanded at the proper place; this exception ought not to be allowed to prejudice the plaintiff's claim.

On the trial of the cause, objections were made to the introduction of certain answers of the real plaintiff (who resides in France) to interrogatories propounded by the defendant. These were overruled by the court as being made too late, this evidence having been previously opposed on other grounds than those urged in the last instance. It would certainly have a great tendency to delay and obstruct the administration of justice, if parties should be permitted to divide their objections to evidence into infinistesimal parts and use them successively at different times. All ought to be made at once, so as to give the opponent a fair opportunity to remove them or correct his mistakes. The record exhibits much confusion in the manner in which this suit was conducted in the court below, and great ingenuity in the defence, aided by powerful affidavits of the defendant. But we believe that the judge did not finally err in the opinions expressed on interlocutory matters.

The judgment of the court below as rendered on the testimony received, is clearly correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.