### J. L. DeLEE *v.* SANDEL & HARDEE, Administrators.

The assignor of a claim, being bound to warrant the existence of the debt assigned, is not a competent witness to prove the debt, without a previous release, and cannot establish such release by his own testimony.

The usual and proper course is, for the release to be tendered to the witness before he is sworn in the cause; and when the testimony is taken under commission, to insert it in the return, with the Commissioner's certificate that it was so tendered.

APPEAL from the District Court of East Feliciana, *Ratliff,* J.

*J. R. Bowman,* for plaintiff and appellant. *Muse & Hardee,* for defendant.

BUCHANAN, J. This is a claim against the succession of *Wade H. Gaulden,* brought by an assignee and attempted to be proved up by the testimony of the

assignor, *John Jeter*. The defendant excepts to this witness, on the ground that he is bound in law to warrant the existence of the debt assigned. This objection ought to have been sustained, *Jeter* was clearly incompetent without a release, and there is no release in the record. He was examined under a commission, and in answer to the fourth interrogatory propounded to him by plaintiff he says, "I am in no manner whatever bound as warrantor or otherwise on said account. I have a written lease signed by *John S. Delee*, somewhere among my papers, releasing me from all responsibility on account of this claim. But I cannot now lay my hand on it." This will not suffice. The plaintiff ought to have put on record a release of the liability of this witness over to him, in such a shape that it would have appeared beyond the possibility of being afterwards contradicted by him, plaintiff, that this witness when he gave his testimony, was free from the risk of loss by the result of the suit. As it is, we have nothing emanating from the plaintiff. We have merely the say so of the witness, that he has been released. And the obliviousness of this witness, upon the natural facts upon which he was examined, as for instance : the particulars of the settlement between himself and *Gaulden*, and of the consideration of the transfer by himself to plaintiff of the claim now in suit, is not calculated to inspire us with confidence in the accuracy of the witness's recollection of the release which, he tells us, is *somewhere among his papers*, but which he does not take the trouble to hunt up and produce. The usual and regular course is, for the release to be tendered to the witness before he is sworn in the cause ; and that the release be inserted in the return to the commission with the certificate of the Commissioner that it was so tendered.

Another witness has been examined, also under a commission, to prove the pretended settlement between *Gaulden* and *Jeter*, on which this suit is founded. But the evidence of this witness (*Dyer*) is inconsistent with the allegations of the petition, for the petition alleges that, some time in the year 1849, *Gaulden* became indebted to *Jeter* "in a settlement had between the parties, in the sum of eight hundred dollars besides the sum of two hundred and eighteen dollars and forty cents, *omitted in said settlement* by the said *Jeter* and *Gaulden*." The witness *Dyer* states, "I was present when the settlement was made, and assisted the parties in making it, and the balance due to *John Jeter* by *Wade H. Gaulden* was one thousand and eighteen dollars and forty cents, *and was agreed to by both the parties*." This is obviously not the settlement declared upon in the petition. At all events, the rejection of *Jeter's* testimony leaves the plaintiff's case supported by one witness alone, which would be insufficient to entitle him to a judgment, the amount demanded being over five hundred dollars.

Turning to the evidence of defendants, we find that, while the testimony of plaintiff relates entirely to a verbal acknowledgment of indebtedness by the deceased, *Gaulden*, (the date of which acknowledgment is fixed by the amended petition at the 5th March, 1849,) defendants have produced the following document signed by *Jeter*, of that same date :

" KELLARTOWN, *March 5th*, 1849.

This is to certify, that I have this day made a full and final settlement with *Wade H. Gaulden*, which is in full of all and every demand up to this date.

JOHN JETER."

27

DELEE
v.
SANDELL.

There is a bill of exceptions taken by plaintiff to the admission of this document in evidence; but it was clearly admissible under the plea of payment, in the answer.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment for defendant, with costs in both courts.

MERRICK, C. J., was recused in this cause.