·No. 3195.—JAMES A. HOLMES v. PAULIN DEPLAIGNE

It is not necessary that the answer, setting up the plea of payment, should specify the amount paid and every circumstance of the time and place of payment. Therefore evidence is admissible under the general allegation of payment to show the amount paid and the time and circumstances of the payment.

APPEAL from the Seventh District Court, parish of Pointe Coupée. *Miller*, J. *Thomas H. Hewes* and *Samuel J. Powell*, for plaintiff and appellee. *A. L. Mahondean*, for defendant and appellant.

This case was tried by a jury in the court below.

WYLY, J. The plaintiff sues to recover $1000, the amount which he alleges is due him on a verbal contract to take down certain machinery which the defendant purchased from Mrs. L. J. Fort in the parish of West Feliciana, and to put it up on the plantation of the defendant in the parish of Pointe Coupée, and to serve as the engineer of the defendant in taking off his crop of 1869. He also sues on the account made part of the petition.

The defendant pleads the general denial, and, further answering, admits that in the month of September, 1869, he made a verbal contract with the plaintiff, by which the latter obligated himself to take down and to do all necessary work to put up again on the plantation of the defendant the machinery purchased by him, mentioned in the plaintiff's petition; that the price for said work, including all the items charged in the account annexed to the petition, was fixed at

$1000, without any kind of extra charges for work to be performed by the said plaintiff. He admits that he purchased from the plaintiff certain lumber worth about $20. He further represents that through error he paid to the said plaintiff the sum of $155 50 "over what was due him, to wit: $1000, which he has a right to claim and does hereby claim in reconvention."

The court gave judgment on the verdict of a jury for $1400 against the defendant, and he has appealed.

Our attention is directed to a bill of exceptions taken by the defendant to the ruling of the court refusing to permit him, after (by motion) withdrawing his demand in reconvention, to introduce proof that he had paid the plaintiff $1000 "on the ground that the answer did not specify any particular amount paid and every circumstance of time and place."

It was not necessary, in the implied plea of payment in the defendant's answer, to specify the amount paid and every circumstance of the time and place of payment. The bill of exceptions was well taken.

It is therefore ordered that the judgment of the court a qua be avoided and annulled, and it is now ordered that this cause be remanded for new trial with instructions that the defendant be permitted to introduce proof in support of his plea of payment of $1000. It is further ordered that appellee pay costs of this appeal.