May 27th, 1912.

———o———

5582.

(Court of Appeal, Parish of Orleans.)

## STANDARD DISTILLING COMPANY vs. M. & L. H. ARONSON.

Objections to evidence, to be effective, must be timely; and testimony received without objection may serve to enlarge or vary the pleadings. (9 La., 114; 18 La., 328.)

— 323 —

Appeal from the Civil District Court, Division "C."

Livaudais & Perez, plaintiff and appellee.

Teissier & Teissier, for defendant and appellant.

ST. PAUL, J.—Plaintiff sues defendants **in solido** for a balance due on a bill of goods "sold and delivered to the defendant Levy H. Aronson, upon the recommendation and at the solicitation of the defendant Morris Aronson, who guaranteed said account and agreed to stand security for the payment thereof."

The first witness called to the stand was plaintiff's agent, who was asked as to the conditions under which the sale to L. H. Aronson was made. Counsel for Morris Aronson, appellant here, thereupon objected "on the ground that it was simply an attempt to make him (appellant) responsible for the debt of a third person, which could only be proved by written evidence." To which counsel for plaintiff replied that his object was to show that the business was that of appellant himself, and that L. H. Aronson was "simply a party interposed" and the agent of appellant.

Whereupon the trial Judge ruled that if the evidence should show the debt to be that of a third person it would not be considered, but that the evidence was admissible, if for the purpose of showing to whom the credit was given. To which ruling counsel for appellant reserved a bill of exceptions.

But the ruling is so responsive to the only objection then before the Court, and so manifestly correct in its bearing on the objection raised by one counsel and the purpose announced by the other, that it needs no further comment.

The witness then testified, in substance, that having

— 324 —

sold the goods to appellant, and being about to enter the order in his book, he was directed by appellant to charge the goods to L. H. Aronson, under whose name the business, in which the goods were to be used, was then being conducted, although the same actually belonged to appellant.

It will be observed that, in view of the purpose previously announced by plaintiff, there was nothing in this testimony which should have surprised appellant; and in fact no surprise was claimed, or motion made to strike out the evidence on that ground.

But when the evidence had gone in without objection other than that heretofore stated, and not applicable, counsel for appellant then for the first time objected to it, ''on the ground that it tended to prove the goods were sold to Morris Aronson either directly or through a person interposed, and tended **to vary the allegations of the petition.**''

Had this objection been urged **before** the evidence was received instead of afterwards, it would undoubtedly have been a valid one; but the objection to evidence, in order to be effective, must be timely; and testimony received without objection may serve to enlarge or vary the pleadings. **Voisin vs. Jewell, 9 La., 114; Powell vs. Aiken, 18 La., 328.**

The objection should have been made as soon as plaintiff announced its purpose to introduce evidence of that character, and was therefore properly overruled by the District Judge when urged too late, after it had already been received.

On the merits, the District Judge, who saw and heard the witnesses, reached the conclusion that the goods were sold to appellant and used in the business belonging to him, but carried on for convenience in the name of his

son; and our own reading of the testimony leads us to the same conclusion.

Judgment affirmed.

May 27th, 1912.

Rehearing Granted July, 1912.