No. 2500

Second Circuit

———

BAKER GASOLINE CO., INC., v.
SUTHERLAND

———

(May 22, 1928. Opinion and Decree.)
(June 28, 1928. Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. Louisiana Digest—Payment—Par. 17.
   The defense of payment, where defendant contests the correctness of the credits allowed him by plaintiff, must be pleaded in an action for a balance due upon open account.

2. Louisiana Digest—Payment—Par. 18, 19, 20.
   An allegation in defendant's answer that plaintiff had not given him credit for all payment is a sufficient allegation to admit evidence in support of the plea consisting of checks showing the endorsement of plaintiff.

Appeal from the First Judicial District Court, Parish of Bossier. Hon. T. F. Bell, Judge.

Action by Baker Gasoline Company, Inc., against Dell Sutherland.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and case remanded for new trial.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Burff & Mabry, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The plaintiff, Baker Gasoline Company, Inc., formerly Baker-Strother Oil Company, Inc., instituted this action to re-cover judgment against defendant, Dell Sutherland, alleged to have been a member of a partnership known as the Caddo Tire Company, composed of O. K. Hargraves and Dell Sutherland, for a balance due on open account amounting to three hundred ninety-four and 48-100 dollars, for merchandise sold to the partnership, and as shown by statement annexed to the petition, it being alleged that the partnership had been dissolved and that O. K. Hargraves was a non-resident.

The defendant filed an exception of vagueness, directed at plaintiff's failure to allege under which name plaintiff was doing business at the time of the alleged transactions, and, further, that the account sued upon failed to show dates of debits and credits, etc., and praying that the exception of vagueness be sustained and plaintiff be ordered to file an itemized account as prayed for.

The exception of vagueness was overruled, and plaintiff filed an itemized statement of the account, showing debits for sales made from January 12, 1920, to June 30, 1921, amounting to three thousand ninety-three and 67-100 dollars, and credits for cash and other items from February 11, 1920, to July 27, 1922, showing the balance claimed.

The defendant answered admitting that he had been a member of the partnership as alleged by plaintiff and that the partnership had been dissolved, he having sold his interest to his co-partner on May 6, 1921, of which plaintiff was advised on May 10, 1921, and admitting that the partnership had purchased from the Baker-Strother Oil Company, Inc., merchandise but denying the indebtedness claimed.

Defendant further alleged that he was not liable for any sales made after plaintiff learned of his retirement from the partner-

ship, and that the indebtedness incurred prior to the dissolution had been paid; and, further, in the alternative, if it should be held that defendant was liable in any amount, he alleged that plaintiff had failed to give the Caddo Tire Company credit for all payments made and that if such credits were allowed the account would be overpaid; and, further, in the alternative, he alleged that the Baker-Strother Oil Company, Inc., had purchased merchandise, etc., from the Caddo Tire Company and was indebted to the Caddo Tire Company in the sum of three hundred eighty and 44-100 dollars, which defendant pleaded in compensation, and prayed that plaintiff's demands be rejected at his cost.

On trial defendant did not offer any evidence in support of the alternative defences, and judgment being rendered against him as prayed for, he appeals, and while suggesting other errors there are only two which appear to be seriously urged.

First, that the court erred in refusing to permit defendant to show that payments had been made for which other credits than as shown on the account should have been given.

Second, that the evidence did not establish the correctness of the account, that is, as to the debits showing sales to the Caddo Tire Company.

In support of the first contention, defendant apparently urges two grounds: one, that the action being for a balance alleged to be due upon open account, it was not necessary for defendant to plead any matters such as payment, etc., going to extinguish the indebtedness in order to be permitted to prove such facts; and the other, the allegation of payment, without setting forth the time, amount or manner of payment, was sufficient to permit the introduction of evidence to prove the payment.

In support of the first contention, defendant apparently contends that an action on open account is analogous to an action of assumpsit, in which a defendant, under the plea of the general issue, may be permitted to show payment without a special averment. (R. C. L. vero Account, vol. 1, page 221, No. 22; verbo Payment, vol. 21, page 117, No. 128), citing Fram vs. Allen, 3 Mar. (O. S.) 381, which was an action for a balance alleged to be due after offsetting accounts against each other, in which it was said that defendant could show that defendant was entitled to other credits than shown by the statement of the account, without pleading compensation; but the decision cited was said to have been rendered prior to the adoption of the Code of Practice (Mortimer vs. Trappan's Estate, 9 La. 112), and since that time it has been universally held that such a defence must be specially pleaded.

We have not been cited to any case where in an action for a balance due upon open account it is held that the defence of payment must be specially alleged; however, it has been held to be necessary in an action on an account (McKeown vs. Mathis, 19 La. 524; Gerlin vs. Beard, 26 La. Ann. 630), and we do not think there is any reason to apply a different rule when the suit is for a balance on account.

The plaintiff bears the burden of pleading and proof to show that the amount claimed is due, and when the suit is on account, to prove the correctness of the items, and while the account sued upon may show payments, he is not bound by the credits further than as to the amounts, and if defendant wishes to contest the correctness of the credits, we do not think he can do so without specially pleading that they are erroneous, or that other pay-

ments have been made for which credit is not given, and therefore that the defence of payment must be pleaded in an action for a balance due upon open account.

In support of the second contention, plaintiff cites the case of Holmes vs. De-Plaigne, 23 La. Ann. 238, in which it was held not to be necessary, in pleading payment, that the plea should set forth the particulars as the time and amount of the payment, to which defendant opposes the decision in Bayley & Bond vs. Storey & Poland, 30 La. Ann. 1210, the syllabus of which reads:

"Where defendant alleges as a ground of defence, error, overcharges and payment and set up a claim in reconvention on the basis of those allegations, he must set them forth with such particularity as to put plaintiff on his guard, before he will be allowed to introduce evidence in support of them."

Which latter decision seems to have been considered by the trial court as in effect overruling the decision in Holmes vs. DePlaigne, supra, and to have been the basis of the ruling sustaining plaintiff's objection to the introducton of any evidence in support of the plea of payment.

The cases cited by the Supreme Court in Bayley & Pond vs. Storey & Poland, were all cases where a plea in compensation or a reconventional demand was attempted to be proven, and there is of course a great distinction between the pleas of compensation and reconvention and the plea of payment, the former being distinct demands, often not related to the claim sued upon, and we do not think there is necessarily a conflict between the decisions.

The general rule is stated by Cross to be that the plea of payment is more favored than pleas of compensation and reconvention and is not under the strict rule applicable to the latter (Cross, Pleading, page 99, No. 83) or as we understand, the sufficiency of the plea should be considered with some regard, not only to the nature of the suit, but to the circumstances reflected by the demand, or sometimes by the nature and character of the evidence offered, as where the evidence offered to show payment is the receipt of the plaintiff (DeLee vs. Sandel, 12 La. Ann. 208), and considering the fact as shown by the pleadings that the action here is against a member of a former partnership, which the evidence shows had been dissolved more than a year prior to the suit, by defendant withdrawing from the partnership, with the knowledge of the plaintiff, we are of the opinion that the evidence should have been admitted in support of the plea, especially where the evidence offered was checks showing the endorsement of the plaintiff during the period the account was made.

We are therefore of the opinion that the evidence should have been admitted, and it is therefore ordered that the judgment appealed from be set aside and the cause remanded for a new trial.