REGAN, Judge.
The plaintiff, Conventional Loans, Inc., filed this suit against the defendant, David L. Goldstein, endeavoring to recover the sum of $4,000.00 represented by a promissory note dated January 21, 1964, payable to the order of bearer.
The defendant answered and conceded that the signature on the note was his, but asserted that it had been paid in full.
From a judgment in favor of the defendant, the plaintiff has prosecuted this appeal.
The record discloses that Louis Guresko placed the note, which forms the subject matter of this litigation, in the possession of the plaintiff for collection. It is admitted that the plaintiff is not a holder in due course, so that any defenses which could be urged against Guresko could likewise be asserted against the plaintiff. No explanation was offered as to why Guresko placed the note in the possession of the plaintiff for collection instead of filing suit upon it himself.
In any event, the defendant contends that the note was given in conjunction with a business transaction whereby the defendant purchased the interest of Louis Guresko in a building designated by the litigants as King David Apartments. Moreover, there is an inscription on the note reading “In re King David Apartments” indicating that there is some correlation between the apartments and the promissory note. The defendant, to reiterate, insists that the note was paid in full, and, therefore, there is no balance due thereon.
The plaintiff asserts that the lower court committed two errors in deciding in favor of the defendant. Initially, it contends that the lower court erred in permitting the defendant to introduce evidence of payment *579 in view of the fact that he simply asserted in his answer that the “note had been paid in full”. Secondarily, the plaintiff argues that the trial judge erred in concluding that the defendant had borne the burden of successfully proving payment of the note.
Insofar as the plaintiff’s first specification of error is concerned, we are convinced that the lower court did not err in permitting the introduction of evidence of payment of the note. The defendant alleged in his answer that the “note had been paid in full”. The plaintiff rationalizes that these words merely formulate a conclusion of law and are not sufficient as a factual allegation to permit the introduction of evidence thereunder. The plaintiff analogizes his argument to the defense of contributory negligence, whereby it is agreed that the mere plea of “contributory negligence” is insufficient unless definite facts are delineated in support of this conclusion.
Article 1005 of the Louisiana Code of Civil Procedure provides that affirmative defenses must be specifically inscribed in the answer, and among the items classified as an affirmative defense is “extinguishment of the obligation in any manner”. Article 2130 of the Civil Code explicitly states that an obligation may be extinguished “by payment”. Therefore, while payment may be a conclusion of law, it is also a fact which may be pleaded as an affirmative defense in one’s answer to a suit.
In 1871, long before the enactment of the present Code of Civil Procedure, the Louisiana Supreme Court, in the case of Holmes v. Deplaigne,[1] rationalized that an allegation stating that an obligation had been paid was sufficient without an exact enumeration of dates, times, and places of payment. The court reasoned that:
“It was not necessary, in the implied plea of payment in the defendant’s answer, to specify the amount paid and every circumstance of the time and place of payment. * * * ”
The foregoing reasoning convinces us, as we said hereinabove, that the plaintiff’s initial specification of error is without merit and we shall not discuss it further.
In support of its second specification of error, the plaintiff insists that the lower court erred in lending credence to the testimony of the defendant in view of the inconsistency which exists between the answers given by the defendant to certain interrogatories propounded by the plaintiff and between the defendant’s testimony at the trial hereof. The plaintiff insists that we should evaluate the defendant’s testimony as if it were false in its entirety in view of the discrepancy referred to hereinabove.
The defendant did testify that the answers to the interrogatories which he gave were incorrect, however, he explained that the error was due to the fact that he had assumed that the obligation sued upon was a note different from the one he had in mind. Evidence was introduced to disclose that the defendant and Guresko had engaged in business over an extended period of time and that innumerable notes were given by the defendant to Guresko. The plaintiff and Guresko both concede that the defendant did purchase the interest of Guresko in the King David Apartments; however, they insist that this note was not given in satisfaction of that purchase, and therefore, it was never paid.
It is significant to note that the testimony of Guresko’s accountant points out that the promissory note in question was never entered on his books. With respect to the financial records of Guresko relative to the transaction wherein Guresko disposed of his interest in the apartment complex, his accountant testified that he had been paid in full and that an adjustment had been made for some reason not readily apparent *580 from his records, so that Guresko received slightly more than was originally contemplated. This statement reinforces and substantiates the testimony offered by the defendant.
The evidence inscribed in the record is, to say the least, nebulous. Inconsistencies exist in the testimony adduced on behalf of both litigants. This vexatious fact was emphatically recognized by the trial judge in his reasons for judgment; however, in the final analysis, he significantly reasoned that “After hearing the testimony of the witnesses * * * the court concludes that the defendant proved payment of the note herein sued upon. * * * ”
The foregoing elucidation discloses that the only question of fact posed for the trial court’s consideration was whether the defendant had paid the note which forms the subject of this litigation. The judge thereof, as we said hereinabove, accepted the defendant’s version of the evidence and concluded that he had in fact paid the obligation evidenced by this note.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ laborious testimony with respect to the innumerable transactions in which they were involved and especially the bookkeeping entries contained in Guresko’s records. The trial judge accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. 23 La.Ann. 238 (1871).